Submitted on the record January 25, ballot title certified February 14, 2002

David J. HUNNICUTT
and Lawrence B. George,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49135)

39 P3d 863

David J. Hunnicutt, Tigard, argued the cause and filed the petition for himself and petitioner George.

Janet A. Metcalf, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

In this ballot title review proceeding, petitioners challenge various aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 139 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). *See* ORS 250.085(5) (setting out standard of review).

We have considered petitioners' arguments and conclude that they are not well taken. Accordingly, we certify to the Secretary of State the following ballot title for the proposed measure:

AMENDS CONSTITUTION:   STATE RIGHT TO
COMPENSATION WHEN GOVERNMENT
TAKES PRIVATE PROPERTY MUST BE
NO LESS THAN FEDERAL

RESULT OF "YES" VOTE:   "Yes" vote ensures that state constitutional right to payment of compensation when government takes private property must provide at least same right as federal constitution.

RESULT OF "NO" VOTE:   "No" vote rejects proposal to specifically provide that state constitutional right to compensation when government takes private property must be no less than federal right.

SUMMARY:   Amends constitution. The existing state constitution provides that private property shall not be taken for public use without the payment of just compensation. Courts have not ruled that the existing state constitutional provision for the payment of just compensation provides fewer rights than the federal constitution. The measure explicitly provides that the state constitutional right to the payment of just compensation, when government takes private property for public use, must provide, at a minimum, the same right to compensation as that guaranteed by the United States Constitution. The measure also substitutes the term "natural person" for "man" in the existing constitutional section providing for the payment of just compensation.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(11).